IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-72-D-7
No. 5:21-CV-141-D

| | |
|---|---|
| PATRICIA ANN KRAMER )</br>)</br>Petitioner, )</br>)</br>v. )</br>)</br>UNITED STATES OF AMERICA, )</br>)</br>Respondent. ) | **ORDER** |

Patricia Ann Kramer ("Kramer" or "petitioner") played a central role in a horrific kidnapping. Kramer and her accomplices kidnapped the father of a North Carolina Assistant District Attorney, who had prosecuted one of the founding members of the Bloods, Kelvin Melton. That prosecution resulted in Melton receiving a life sentence without the possibility of parole in North Carolina. While Melton was serving his life sentence, and at Melton's behest, Kramer and her accomplices executed the kidnapping in retaliation for the state-court prosecution of Melton. See United States v. Melton, 761 F. App'x 171, 172–74 (4th Cir. 2019) (per curiam) (unpublished).

On March 25, 2021, Kramer moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct her 360-month sentence [D.E. 868]. On April 13, 2021, Kramer resubmitted her motion on the proper form and asked the court to appoint counsel [D.E. 871, 872]. On June 8, 2021, the government moved to dismiss Kramer's motion [D.E. 877] and filed a memorandum in support [D.E. 878]. The same day, the court notified Kramer of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 879]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Kramer did not respond. As explained below, the court grants the

government's motion to dismiss, dismisses Kramer's section 2255 motion, and denies Kramer's motion for appointed counsel.

I.

On October 19, 2015, pursuant to a plea agreement, Kramer pleaded guilty to conspiracy to commit a violation of the kidnapping statute. See [D.E. 340]; Plea Agr. [D.E. 347]; Rule 11 Tr. [D.E. 775]. On February 27, 2017, the court held Kramer's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 685]; [D.E. 722, 734]; Sent. Tr. [D.E. 766] 6–7. The court found Kramer's total offense level to be 43, her criminal history category to be I, and her advisory guideline range to be life imprisonment. See Sent. Tr. at 7. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Kramer to 360 months' imprisonment. See id. at 8–40; [D.E. 734]. Kramer appealed. See [D.E. 750]. On April 19, 2018, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Kramer's plea agreement and dismissed her appeal. See [D.E. 798, 799, 800].

In Kramer's section 2255 motion, Kramer argues that (1) her sentence is unreasonable, and (2) the court should change her conviction from a "crime of violence" to a nonviolent conviction. See [D.E. 871] 4–7.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need

2

not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

II.

Kramer's claims are untimely. See 28 U.S.C. § 2255(f). Kramer's conviction became final in 2018. See Clay v. United States, 537 U.S. 522, 527 (2003). Kramer, however, waited until March 25, 2021, to file her section 2255 motion. Moreover, Kramer has not plausibly alleged that any governmental action prevented her from timely filing a section 2255 motion, that her section 2255 motion is based on a relevant right newly recognized by the Supreme Court, or that her section 2255 motion is based on facts that she could not have discovered with due diligence. See 28 U.S.C. § 2255(f).

Kramer does not cite any cases. To the extent Kramer relies on United States v. Walker, 934 F.3d 375 (4th Cir. 2019), that case does not help her. In Walker, the Fourth Circuit held that kidnapping in violation of 18 U.S.C. § 1201 is not categorically a "crime of violence" supporting a conviction under 18 U.S.C. § 924(c). Id. at 378–79. Kramer, however, was not convicted under 18

3

U.S.C. § 924(c), and Walker does not affect Kramer's sentence. Thus, the court dismisses Kramer's section 2255 motion as untimely.

Alternatively, Kramer cannot use section 2255 to relitigate the reasonableness of her below-guideline sentence. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999). Thus, the claim fails.

Alternatively, the post-conviction waiver in Kramer's plea agreement bars Kramer's claims. In the waiver, Kramer agreed

> [t]o waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Plea Agr. [D.E. 347] ¶ 2(c). In light of Kramer's Rule 11 proceeding, the waiver is enforceable. See Rule 11 Tr. [D.E. 775] 12–14; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Kramer's claims fall within the waiver. Accordingly, the waiver bars Kramer's claims.

Alternatively, the court dismisses the claims for failure to state a claim upon which relief can be granted. Kramer's sentence was reasonable. See, e.g., United States v. Zelaya, 908 F.3d 920, 930–31 (4th Cir. 2018). Moreover, Kramer was not convicted under a statute for which the precedents relating to classifying an offense as a "crime of violence" are relevant. And, while Kramer asks the court to "become a non-violent offender," [D.E. 871] 12, Kramer committed a horribly violent offense. See PSR ¶¶ 11–39. Furthermore, and in any event, Kramer has not

4

plausibly alleged that the BOP currently classifies her as a violent offender. Cf. Wilborn v. Mansukhani, 795 F. App'x 157, 159–60 (4th Cir. 2019) (per curiam) (unpublished); Fagan v. Andrews, No. 5:18-HC-2280-FL, 2020 WL 1528519, at *2 (E.D.N.C. Mar. 30, 2020) (unpublished); Giovanetti v. Holland, 426 F. Supp. 3d 189, 196 (E.D.N.C. 2018).

After reviewing the claims presented in Kramer's motion, the court finds that reasonable jurists would not find the court's treatment of Kramer's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As for Kramer's motion to appoint counsel, no right to counsel exists on collateral review absent extraordinary circumstances. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555–57 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). No extraordinary circumstances exist warranting the appointment of counsel. Thus, the court denies Kramer's motion.

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 877], DENIES petitioner's motion to appoint counsel [D.E. 872], DISMISSES petitioner's section 2255 motions [D.E. 868, 871], and DENIES a certificate of appealabilty. The clerk shall close the case.

SO ORDERED. This 8 day of April, 2022.

JAMES C. DEVER III
United States District Judge

5

Case 5:14-cr-00072-D   Document 887   Filed 04/08/22   Page 5 of 5